IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RONDALD VINCENT WILLIAMS, #239426, )<br>a.k.a., RONNIE WILLIAMS,              )<br>                                                             )<br>           Plaintiff,                                     )<br>                                                             )<br>v.                                                          )<br>                                                             )<br>MS. WILSON, R.N., et al,                        )<br>                                                             )<br>           Defendants.                              ) | CIVIL ACTION NO. 2:16-CV-684-MHT |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Ronald Vincent Williams ("Williams"), a state inmate and frequent litigant in this court, filed this 42 U.S.C. § 1983 action on August 19, 2016. In the complaint, Williams alleges that in July of 2015 medical personnel at the Easterling Correctional Facility, including the defendant, "fil[ed] false claims under [his] identity . . . to receive funds for programs never received." *Complaint - Doc. No. 1* at 3. Williams further asserts that the defendants denied him necessary medical treatment in retaliation for his filing a grievance against them. *Id*.

Upon initiation of his case, Williams filed an application for leave to proceed *in forma pauperis*. In support of this request, Williams provided financial information necessary to determine the average monthly balance in his inmate account for the 6-month period immediately preceding the filing of this complaint and the average monthly deposits to his inmate account during the past six months.

After a thorough review of the financial information provided by Williams and pursuant to the requisite provisions of 28 U.S.C. § 1915(b)(1)(A), the court determined that Williams owed an initial partial filing fee of $16.60. *Order of August 23, 2016 - Doc. No. 6* at 1-2. The court therefore ordered that Williams pay the initial partial filing fee on or before September 12, 2016. *Id*. at 2. In addition, this order specifically informed Williams "**that it is his responsibility to submit the appropriate paperwork to the prison account clerk for transmission of such funds to this court for payment of the initial partial filing fee**." *Id*. (emphasis in original). The order also "advised [Williams] that if he is unable to procure the initial partial filing fee within the time allowed by this court he must inform the court of such inability and request an extension of time within which to file the fee." *Id*. at 3. Moreover, the court specifically cautioned Williams that failure to pay the requisite fee within the time allowed by the court would result in a Recommendation "that this case be dismissed and such dismissal will not be reconsidered unless exceptional circumstances exist." *Id*. The court granted Williams an extension until September 21, 2016 to file the initial partial filing fee. *Order of September 6, 2016 - Doc. No. 8*.

Williams has failed to pay the initial partial filing fee within the time allowed by the court. The court therefore concludes that this case is due to be dismissed. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be

dismissed *without prejudice* for failure of the plaintiff to pay the initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1)(A) as ordered by this court.

The plaintiff may file objections to the Recommendation on or before November 4, 2016.  The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  The plaintiff is advised that frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the plaintiff to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 20th day of October, 2016.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE